JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-00802-RGK (JEMx) | Date | April 13, 2022 |
|---|---|---|---|
| Title | ***SCOTT WHITTINGTON v. WALMART, INC, et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Remanding Action to State Court**

On January 6, 2022, Scott Whittington ("Plaintiff") filed a complaint against Walmart, Inc. and Wal-Mart Assoc., Inc. ("Defendants") alleging violations of state statutory law based on age and disability discrimination in the workplace.

On February 4, 2022, Defendants removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

In his complaint, Plaintiff seeks damages for past and future lost wages, other special and general damages, punitive damages, and attorneys' fees. In support of its removal, Defendant calculates that based on Plaintiff's monthly pay, his back pay is currently $12,289. If trial is scheduled one year from removal, Plaintiff would seek an additional $20,694 in lost wages. Defendant then states that including all other requested damages, the amount in controversy exceeds the jurisdictional minimum.

In his Notice of Removal, Defendant fails to plausibly allege that the amount in controversy exceeds $75,000. With $32,983 as a starting point, Defendant does not meet the minimum amount in controversy. Moreover, Defendant's inclusion of future wages, attorneys' fees, and punitive damages are speculative, at best.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-CV-00802-RGK (JEMx) | Date | April 13, 2022 |
|---|---|---|---|
| Title | *SCOTT WHITTINGTON v. WALMART, INC, et al* | | |

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles County Superior Court, 22STCV00568

:

Initials of Preparer   jre/v